■ AMSTERDAM SAVINGS BANK, Appellant, v AMSTERDAM PHARMACEUTICAL DEVELOPMENT CORPORATION et al., Respondents. — Appeal from that part of an order of the Supreme Court at Special Term (Graves, J.), entered January 3, 1984 in Montgomery County, which, *inter alia,* denied plaintiff's motion for a deficiency judgment.

On December 27, 1982, plaintiff mortgagee purchased premises at its mortgage foreclosure sale. Thereafter, the deed was delivered to plaintiff on February 18, 1983. It was not until June 27, 1983 that plaintiff moved for confirmation of the sale and for leave to enter a deficiency judgment pursuant to RPAPL 1371. Plaintiff's motion was opposed by, among others, defendant Amsterdam Pharmaceutical Development Corporation on the ground that the 90-day period in which to seek leave to enter a deficiency judgment had expired. Special Term granted only that portion of plaintiff's motion which sought confirmation of the foreclosure sale, and this appeal by plaintiff ensued.

The 90-day period in which to move for a deficiency judgment commences when the deed is delivered to the mortgagee (15 Cardomy-Wait 2d, NY Prac, § 92:404, p 354). The courts have uniformly treated the 90-day period contained in RPAPL 1371 (subd 2) as a provision in the nature of a Statute of Limitation (*Procco v Kennedy,* 88 AD2d 761, affd 58 NY2d 804; *Heritage Sav. Bank v Grabowski,* 70 AD2d 989). Failure by plaintiff to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment (*Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, 594, affd 47 NY2d 796).

Plaintiff urges this court to hold that defendants should be estopped from asserting the 90-day limitation as a bar to the entry of a deficiency judgment. Nowhere does plaintiff allege any misconduct or misrepresentation by defendants in support of its quest for this equitable relief, and therefore it may not be granted (*Procco v Kennedy, supra,* p 761).

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.