■ HAROLD GILDSTON, Respondent, v ROBERT M. TERILLI et al., Appellants, et al., Defendants.—In a mortgage foreclosure action, the defendants Terilli, appeal from (1) an order of the Supreme Court, Westchester County (Herold, J.), dated December 11, 1987, which, inter alia, denied their motion to modify

and amend a stipulation of settlement dated June 11, 1987, and granted the plaintiff's motion for judgment in his favor and against the defendants Terilli and for referral to a Referee to ascertain and compute the amount due the plaintiff, (2) an order of the same court (Walsh, J.), dated January 13, 1988, which denied their motion to disaffirm the report of the Referee dated December 21, 1987, and granted the plaintiff's motion to confirm the report of the Referee, (3) a judgment of foreclosure and sale of the same court (Walsh, J.), dated January 14, 1988, which, *inter alia,* is in favor of the plaintiff in the principal sum of $132,130.55, and (4) an order of the same court (Walsh, J.), dated January 19, 1988, which, *inter alia,* denied their motion to compel the plaintiff to comply with the terms of the aforesaid stipulation dated June 11, 1987.

Ordered that the appeals from the orders dated December 11, 1987 and January 13, 1988, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated January 19, 1988 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The instant action was commenced in 1986 to foreclose on a mortgage given by the defendants Robert M. Terilli, Benito V. Terilli, Maureen E. Terilli and Angela Terilli (hereinafter the defendants) to the plaintiff's predecessor in interest, North Shore Funding Corp. The defendants interposed answers contending that service of process was improper and also that the action was time barred by the applicable Statute of Limitations. Thereafter, the plaintiff moved for summary judgment and the defendants cross-moved for a hearing on the issue of service of process. By decision and order of the Supreme Court, Westchester County (Rubenfeld, J.) dated February 10, 1987, the defendants' cross motion was granted and the plaintiff's motion for summary judgment was referred to the hearing court. The parties appeared for that hearing on June 11, 1987, but a stipulation of settlement was entered into, in open court, in lieu of the hearing.

Pursuant to the stipulation, the defendants agreed to pay the plaintiff the gross amount of $83,000 in full settlement of the mortgage held by the plaintiff and, upon such payment, the mortgage was to be satisfied and discharged of record. The payment of the $83,000 was conditioned upon the defendants being able to obtain a mortgage commitment by July 13, 1987, in an amount sufficient to satisfy and discharge the mortgage held by the plaintiff. In the event that the commitment could not be obtained by then, an extension of time of 10 days beyond July 13th would be granted, but only if a letter was obtained by the defendants from a financial institution stating that the application for the commitment was in proper form and was being processed and that there was a reasonable chance for approval within 10 days after July 13, 1987. The stipulation further provided that time was of the essence in the securing of the mortgage commitment. The stipulation further provided that in the event that the defendants failed to obtain a sufficient mortgage commitment within the time period specified, they were to be held in default, their answer was to be deemed withdrawn and of no force and effect, and the plaintiff was to be permitted to proceed with the foreclosure action against the defendants "only on a notice of appearance with service of copies of all documents and pleadings on their attorney, Roger Kohn, who [had] appeared on their behalf in this matter". In the event the plaintiff proceeded with foreclosure, he would "be entitled to the full relief demanded in the complaint, together with interest and costs, allowances and disbursements as the court may allow, including reasonable attorneys fees". It should be noted that the complaint sought payment of $48,423.12 with interest of 24% per annum computed from October 8, 1980.

The defendants did not obtain a mortgage commitment by July 13, 1987, nor did they provide the plaintiff with the required proof that the commitment had been applied for and had a reasonable chance for approval. The defendants, however, did move to amend and modify the stipulation of settlement, but that motion was denied by order dated December 11, 1987. The December 11th order also granted the plaintiff judgment in his favor and appointed a Referee to compute the sums due to him. Thereafter, a second motion was made by the defendants for an order directing the plaintiff to comply with the terms of the stipulation and to execute and deliver a mortgage satisfaction based upon a mortgage commitment received by the defendants on October 20, 1987. That motion, however, was denied by order dated January 19, 1988.

Meanwhile, on December 21, 1987, after a hearing, the Referee issued a report computing the amount due to the plaintiff under the mortgage. Shortly thereafter, the plaintiff moved to confirm the report and for leave to enter a judgment of foreclosure and sale and the defendants separately moved to disaffirm the Referee's report. By order dated January 13, 1988, the plaintiff's motion was granted and the defendants' motion was denied. The following day, January 14, 1988, the judgment of foreclosure and sale was signed.

The defendants first contend that the court erred in declining to reform or modify the stipulation of settlement after the mortgage commitments required by the stipulation had allegedly been obtained by them. We disagree. The record reveals that the commitments were not obtained until long after the time period set forth in the stipulation had expired and, therefore, there was no basis for relieving the defendants of the consequences of the stipulation.

It is well established that stipulations of settlement are favored by the courts and may not be lightly cast aside (see, *Hallock v State of New York*, 64 NY2d 224, 230; *Matter of Galasso*, 35 NY2d 319, 321). This is particularly true in the case of "open court" stipulations pursuant to CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but is also essential to the management of court calendars and the integrity of the litigation process *(Hallock v State of New York, supra)*. Only where there are grounds sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Hallock v State of New York, supra; Matter of Frutiger*, 29 NY2d 143, 149-150). Clearly, however, there is no basis sufficient to invalidate a contract here.

The defendants further contend that the court should have disaffirmed the Referee's report because the interest rate of 24% awarded was not authorized by the stipulation. The defendants, however, are incorrect. The stipulation provided that in the event of a default by the defendants, "the plaintiff shall be entitled to the full relief demanded in the complaint". The complaint, as previously noted, sought payment of $48,423.12 with interest of 24% per annum to be computed from October 8, 1980. Thus, contrary to the defendants' contentions, the stipulation did indeed establish the applicable interest rate.

We have examined the defendants' remaining contentions

and find them to be without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.