◼ In the Matter of the Estate of OGDEN C. NOEL, Deceased. JEAN HYMAN as Executrix of JULIAN H. HYMAN, Deceased, et al., Respondents; VALERIE N. STEELE, Appellant.—In a pro-

ceeding for the settlement of the account of the executors of the estate of the decedent Ogden C. Noel, the objectant appeals from an order of the Surrogate's Court, Westchester County (Brewster, S.), dated October 1, 1987, which dismissed her objections to the executors' commissions and legal fees.

Ordered that the order is affirmed, with costs payable by the appellant.

The executors were validly appointed by the Surrogate in January 1985, pursuant to the terms of the decedent's will and over the objections of the objectant (see, SCPA 707; Matter of Foss, 282 App Div 509). The objectant had alleged a conflict of interest and now raises these same objections under the guise of challenging the executors' commissions contained in the accounting. As she failed to appeal the decree appointing the executors, any challenge to the validity of their appointment is barred by the doctrine of collateral estoppel (see generally, Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304).

The objectant also claims misconduct on the part of the executors in that they failed to recover assets allegedly wasted during the decedent's lifetime. These allegations of waste were considered on a previous appeal in which we sustained the Surrogate's dismissal of her objections to the assets contained in this accounting (Matter of Noel, 143 AD2d 98). The objectant fails to raise any new claims of mismanagement or misconduct on the part of the executors since their appointment which would warrant their removal (SCPA 711) or the denial of their commissions (see, Matter of Bourne, 7 Misc 2d 848).

Similarly, her claims of professional misconduct on the part of the attorneys of the estate are without merit. In these well-litigated proceedings the Surrogate found that the fees sought were fully supported by an attorney's affidavit of legal services (Matter of Freeman, 34 NY2d 1). In this regard we note that the Surrogate bears the ultimate responsibility to decide what constitutes reasonable compensation (Matter of Von Hofe, 145 AD2d 424). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.