■ BANK OF NEW YORK, as Successor to SCARSDALE NATIONAL BANK AND TRUST COMPANY, Respondent, v ROUTE 312 DEVELOPMENT CORPORATION et al., Defendants, and KIKI A. SUSLOW, Appellant.—Yesawich Jr., J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Dickinson, J.), entered December 6, 1990 in Putnam County, which, *inter alia,* partially granted plaintiff's motion to confirm a Referee's

report, and (2) from an order of said court, entered May 21, 1991 in Putnam County, which, upon reargument, *inter alia,* denied defendant Kiki A. Suslow's request to vacate the deficiency judgment entered against her.

Plaintiff, as successor to Scarsdale National Bank and Trust Company, instituted the underlying action to foreclose on a $750,000 mortgage executed by defendant Route 312 Development Corporation and guaranteed by, among others, defendant Kiki A. Suslow (hereinafter defendant). Although defendant's spouse, defendant Lawrence Suslow, a 50% shareholder in Route 312 Development Corporation, served a notice of appearance and waived service of all papers and notices of all proceedings in this action except for notice of sale and notice of surplus money proceedings, defendant did not answer or appear. By an order entered January 30, 1990, Supreme Court granted plaintiff a judgment of foreclosure, notified and confirmed a December 28, 1989 Referee's amended report setting the amount due on the mortgage at $909,553.32, directed that the parcel be sold, and found defendant and others liable for any deficiency.

Plaintiff, the only bidder at a public auction, purchased the parcel for $10,000; the deficiency then remaining, as determined by the Referee, was $944,353.35. Plaintiff thereupon moved pursuant to RPAPL 1355 and 1371 to confirm the Referee's report and for a deficiency judgment against defendant. In an order entered December 6, 1990, Supreme Court granted plaintiff's motion to the extent of directing a hearing pursuant to RPAPL 1371 (2) to determine the parcel's fair and reasonable market value; the court rejected defendant's contentions that her guarantee was void by reason of the Equal Credit Opportunity Act (15 USC § 1691 *et seq.)* (hereinafter ECOA) and that she was entitled to receive additional notice of entry of the deficiency judgment pursuant to CPLR 3215 (f) (3) (i). Defendant appeals from this order. Defendant's request for reargument was granted and, upon reargument, Supreme Court adhered to its original decision finding that the deficiency judgment was properly entered against defendant, that her guarantee did not, as she contended, contravene public policy and that her ECOA defense was barred by the Statute of Limitations. Defendant also appeals this order.

The only arguments advanced in defendant's brief are that the guarantee executed by her should be deemed void as violating the ECOA and unenforceable as contrary to a clearly stated public policy; because the other claims previously as-

serted by defendant have been abandoned, we need not consider them *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

Defendant admittedly received the summons and verified foreclosure complaint, yet she did not answer or appear in the foreclosure action; she does not challenge Supreme Court's personal jurisdiction over her. In addition, defendant neither set forth nor pressed her ECOA and public policy defenses in the foreclosure action proper nor challenged, by motion to vacate, the foreclosure judgment entered December 6, 1990, which unequivocally adjudicated her personally liable for any deficiency after sale of the parcel *(see,* CPLR 5015 [a]; *Ogdensburg Sav. & Loan Assn. v Moore,* 100 AD2d 679, 680). Inasmuch as defendant could have asserted the defenses urged here at the underlying foreclosure action but did not *(cf., Aetna Life Ins. Co. v Avalon Orchards,* 118 AD2d 297, 299, *appeal dismissed* 68 NY2d 997), the foreclosure judgment is res judicata and her appeal must fail *(see, First Natl. Bank v Mountain Food Enters., supra,* at 901; *Gray v Bankers Trust Co.,* 82 AD2d 168, 170-171, *lv denied* 58 NY2d 604; *Griffo v Swartz,* 61 Misc 2d 504, 508-509; 3A Warren's Weed, New York Real Property, Mortgage Foreclosure, § 13.05 [4th ed]). "That the judgment in foreclosure is binding upon [defendant] cannot be questioned. [She] was served with process. [She] deliberately defaulted. [Her] rights have been adjudicated" *(Butterly v Maribert Realty Corp.,* 234 App Div 424, 426, *affd* 260 NY 554).

Mikoll, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.