■ NATIONAL BANK OF SUSSEX COUNTY, Appellant, v ADRIENNE BETAR et al., Respondents. [615 NYS2d 523] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Ingrassia, J.), entered July 28, 1992 in Orange County, which denied plaintiff's motion to enter a deficiency judgment.

In June 1991, plaintiff obtained a judgment of foreclosure and sale against defendants in the amount of $334,000, together with costs and interest foreclosing two mortgages executed by defendants. Plaintiff purchased the property at the Referee's sale on September 16, 1991 for the sum of $125,000. The Referee computed a deficiency due to plaintiff of $225,332.

The Referee executed a deed to plaintiff dated September 30, 1991 which was recorded on November 14, 1991. Plaintiff's attorney received a copy of the deed on December 11, 1991 and received the original deed on January 13, 1992. On February 13, 1992, plaintiff moved for leave to enter a deficiency judgment. Defendants cross-moved for dismissal of the application alleging, *inter alia,* that it was untimely. Supreme Court granted plaintiff's motion only to the extent of confirming the Referee's report, denied plaintiff's motion for entry of a deficiency judgment and granted defendants' cross motion to dismiss the claim for a deficiency judgment. Plaintiff appeals.

RPAPL 1371 (2) provides: "Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct." Both sides concede that delivery of the deed is the act which begins the 90-day period for service of a motion for a deficiency judgment. Plaintiff contends that delivery did not occur until it received the executed deed on January 13, 1992. To support that claim, plaintiff asserts that the inclusion of the phrase "proper deed of conveyance" contained in the above-quoted provision requires actual physical delivery of a deed executed by the grantor into the grantee's possession. Relying on the presumption that the date of the deed was the date of delivery, absent contrary proof *(see, Ten Eyck v Whitbeck,* 156 NY 341, 352), and on the Referee's sworn statement dated September 30, 1991 that the deed had been delivered on that date, defendants contend that delivery occurred on September 30, 1991. They argue that delivery occurred despite the Referee's physical retention of the deed because at that time he was acting as plaintiff's agent for the purpose of recording the deed.

We reject plaintiff's first contention that RPAPL 1371 (2) must be interpreted to require actual physical delivery of a deed executed by the grantor into the grantee's possession. Nothing in Real Property Law § 244, which provides that a grant of real property takes effect upon delivery of the deed, or on decisional law supports such a narrow interpretation. So long as the grantor parts with his control over the deed with

the intention to pass title, a deed may be delivered by words without acts or by acts without words, or by both words and acts (43 NY Jur 2d, Deeds, § 63). Thus, delivery to the grantee need not be effected by manual transfer but can also be shown by circumstances amounting to a constructive transfer *(see, Saltzsieder v Saltzsieder,* 219 NY 523).

Proof in the record amply supports a finding that an agency relationship arose between plaintiff and the Referee and that his retention of the deed constituted a constructive delivery of the deed to plaintiff. In his October 2, 1991 letter to plaintiff's attorneys, the Referee stated: "In regard to the Referee's deed, you need to submit a Gains Tax Affidavit and an E & A. Please fill out same for purchaser, execute in the appropriate spot and return to me for signature with the appropriate filing fees *and I will file for you"* (emphasis supplied). By this letter, the Referee offered to act as plaintiff's agent for the recording of the deed. Plaintiff manifested its consent* to the Referee's agency through its attorneys' November 12, 1991 letter to the Referee, in which one of plaintiff's attorneys enclosed the necessary documents and stated that he understood that the Referee would record the deed. Plaintiff's out-of-State attorneys, as plaintiff's agents, had the authority to delegate their ministerial duty of recording the deed *(see,* 2 NY Jur 2d, Agency, § 150, at 581) to the Referee, who in effect became plaintiff's subagent for this purpose. Therefore, the Referee's retention of the deed for the benefit of plaintiff, was not inconsistent with his manifest intention to pass title, evidenced by his execution of the deed, and constituted constructive delivery of it to plaintiff, as grantee, as of November 12, 1991.

Plaintiff had 90 days from that date, that is, until February 10, 1992, in which to make its motion for a deficiency judgment. Plaintiff did not serve notice of its motion until February 13, 1992. Plaintiff's failure to serve the notice within the 90-day period bars entry of a deficiency judgment *(see, Amsterdam Sav. Bank v Amsterdam Pharm. Dev. Corp.,* 106 AD2d 797). Accordingly, we affirm Supreme Court's order.

Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The consent necessary to establish an agency relationship may be either express or implied *(see,* 2 NY Jur 2d, Agency, §§ 1-2, at 470-471; § 16, at 478-479).