■ DONALD CHERICO et al., Respondents, v BANK OF NEW YORK, Appellant, et al., Defendants. [621 NYS2d 235] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Donovan, J.), entered June 18, 1992 in Westchester County, which, inter alia, denied defendant Bank of New York's motion for summary judgment dismissing the first, second and third causes of action of plaintiffs' complaint.

Plaintiffs, Patricia A. Cherico and Donald Cherico, borrowed the sum of $250,000 in January 1987 from Scarsdale National Bank and Trust Company, the predecessor in interest to defendant Bank of New York (hereinafter the Bank). The loan

was secured by a mortgage on property owned by Patricia Cherico located at 223 Ferris Avenue in the City of White Plains, Westchester County. Such mortgage was subsequently assigned to the Bank and contained a conditional assignment of rents clause permitting plaintiffs to collect the rents from the premises provided that the loan was not in default. In November 1989, plaintiffs leased the premises, along with adjoining premises not covered by the mortgage, to defendant Lisa Hogan who, in turn, assigned the lease to defendant M & L Seafood, Inc. (hereinafter M & L). By September 1990, Hogan and M & L had ceased making payments under the lease agreement.

In October 1990, plaintiffs defaulted on the mortgage and the Bank commenced a foreclosure action. Plaintiffs served an answer which was subsequently stricken by Supreme Court. Shortly thereafter, the Bank sent Hogan and M & L a letter advising them to make monthly rental payments to the Bank pursuant to the assignment of rents clause, but no payments were forthcoming. Donald Cherico thereafter commenced a summary proceeding in White Plains City Court against Hogan. Such action was dismissed for the failure to join necessary parties. The Bank then moved for a judgment of foreclosure and sale which was opposed by plaintiffs. Supreme Court granted the motion and the subject premises were sold at auction.

After the sale, plaintiffs commenced the instant action against the Bank, Hogan and M & L alleging that, with respect to the Bank, its failure to comply with the conditional assignment of rents clause in the mortgage, its unsuccessful attempt to collect rent during the pendency of the foreclosure action and its failure to participate in the summary proceeding resulted in breach of contract, breach of duty and failure to mitigate damages. After issue was joined, the Bank made a motion for summary judgment and alleged, *inter alia,* the applicability of the doctrines of res judicata and/or collateral estoppel, standing, laches and estoppel as affirmative defenses. Supreme Court denied the Bank's motion for summary judgment dismissing plaintiffs' first, second and third causes of action and struck the aforementioned affirmative defenses. The Bank appeals. We reverse.

There is no dispute that all current claims against the Bank arise out of the exercise of rights or the failure to fulfill obligations granted or imposed upon it by the January 1987 mortgage agreement with plaintiffs, and that the claimed acts or omissions took place during the pendency of the foreclosure

proceeding. Fundamentally, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded" *(Gray v Bankers Trust Co.,* 82 AD2d 168, 170-171, *lv denied* 58 NY2d 604; *see, Bank of N. Y. v Route 312 Dev. Corp.,* 185 AD2d 582, 584, *lv dismissed* 80 NY2d 1024; *First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901; *Rizzo v Ippolito,* 137 AD2d 511, 513; *Romano v Astoria Fed. Sav. & Loan Assn.,* 111 AD2d 751, 752, *appeal dismissed* 66 NY2d 916). Although Supreme Court's summary rejection of plaintiffs' claims, when raised as equitable defenses to the foreclosure action, deprived plaintiffs of the requisite full and fair opportunity to be heard, plaintiffs' remedy was an appeal from the judgment of foreclosure and sale and not a new plenary action *(see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306; *Matter of Noel,* 147 AD2d 485, 486, *appeal dismissed* 74 NY2d 700).

We accordingly reverse that portion of the order of Supreme Court which denied the Bank's motion for summary judgment dismissing plaintiffs' first, second and third causes of action based upon the doctrine of res judicata.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Bank of New York, by reversing so much thereof as denied said defendant's motion regarding the first, second and third causes of action of plaintiffs' complaint; motion granted to that extent, summary judgment awarded to defendant Bank of New York dismissing said causes of action against it; and, as so modified, affirmed.