■ CITICORP MORTGAGE, INC., Respondent, v STEVEN B. STRONG, Appellant. [642 NYS2d 423] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 31, 1995 in Albany County, which, *inter alia*, granted plaintiff's motion for a deficiency judgment in a foreclosure action.

In June 1992, plaintiff commenced an action to foreclose on property owned by defendant located in the City of Albany. After issue was joined, defendant moved to consolidate the action with two other real property actions pending between the parties. Plaintiff opposed the motion and cross-moved for an order granting summary judgment and, pursuant to RPAPL 1321, appointment of a Referee. The cross motion was granted by decision dated July 20, 1993, which was reduced to an order dated November 22, 1993 and subsequently entered May 31, 1994. Defendant's counsel asserts that he did not receive the order

with notice of entry until October 17, 1994. Significantly, defendant did not appeal from that order.

Supreme Court, by decision and order dated August 5, 1994, issued an amended order of reference substituting the previously appointed Referee with a new Referee due to a conflict of interest. Although the amended order appointing the new Referee was apparently not entered until December 29, 1994, the new Referee executed a report of amount due dated August 18, 1994. Upon plaintiff's ex parte application, Supreme Court granted a judgment of foreclosure and sale dated September 28, 1994, which was entered on November 14, 1994 and served on defendant on December 14, 1994. Significantly, defendant did not appeal from the judgment of foreclosure and sale.

A foreclosure sale was held on February 2, 1995 at which plaintiff purchased the property for $51,200; defendant and his counsel attended the foreclosure sale and, that same day, the Referee delivered a deed to plaintiff. The Referee's report of sale, dated March 24, 1995, was filed April 26, 1995. Plaintiff served defendant and his counsel by substituted service on May 1, 1995 with a motion for confirmation of the sale and for leave to enter a deficiency judgment; defendant and his counsel also received copies of the motion papers, which were mailed on May 2, 1995. It is undisputed that the affidavits of service concerning the motion were not filed with the County Clerk until May 25, 1995, which is beyond the 20-day time period for filing set forth in CPLR 308 (2). Defendant opposed the motion alleging, *inter alia*, that the 90-day period in which to seek leave to enter a deficiency judgment had expired due to defective service and that numerous deficiencies and irregularities in the foreclosure action warranted denial of plaintiff's motion. Supreme Court determined, *inter alia*, that plaintiff's motion for a deficiency judgment was timely interposed and scheduled a hearing to resolve questions of fact concerning the fair market value of the property as of the date of the foreclosure sale. Defendant appeals from the order granting plaintiff's motion for a deficiency judgment.

We affirm. Initially, we reject defendant's contentions that numerous deficiencies and irregularities in the underlying foreclosure action, including, *inter alia*, defendant's lack of notice of the Referee's hearing to compute the sum due, the Referee's failure to hold a hearing within 20 days of the order of reference and the lengthy delay between plaintiff's motion for summary judgment and the Referee's report of the amount due, require that the foreclosure sale be set aside. "A judgment of foreclosure and sale entered against a defendant is final as

to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded" (*Gray v Bankers Trust Co.*, 82 AD2d 168, 170-171, *lv denied* 58 NY2d 604; *see, Cherico v Bank of N. Y.*, 211 AD2d 961, 963, *appeal dismissed* 85 NY2d 901; *Ogdensburg Sav. & Loan Assn. v Moore*, 100 AD2d 679). To the extent that an aggrieved party takes issue with either the judgment of foreclosure and sale or any prejudgment intermediate orders, the remedy is an appeal from the judgment of foreclosure and sale (*see, Cherico v Bank of N. Y., supra*; *Gildston v Terilli*, 146 AD2d 738, 739). Defendant's failure to timely appeal from either the order granting summary judgment or the judgment of foreclosure and sale serves to preclude our review of the issues raised at this time, despite the fact that the inordinate delay between the order granting plaintiff summary judgment and the execution of the Referee's report of amount due may have prejudiced defendant (*see, Lixfield v Cornwell Dev. Corp.*, 105 AD2d 694; *Costa v Patalino*, 88 AD2d 690). Our review is therefore limited to whether the motion for a deficiency judgment was timely made and whether the foreclosure sale should be set aside on equitable grounds.

RPAPL 1371 (2) requires that a motion for a deficiency judgment be made within 90 days after the date of the consummation of the sale. The consummation of the sale takes place upon "the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]; *see, Bianco v Coles*, 131 AD2d 10, 12-13). Here, the Referee's deed was delivered to defendant on February 2, 1995. RPAPL 1371 (2) also requires that notice of a motion for a deficiency judgment "shall be served personally or in such other manner as the court may direct". This provision, however, has been construed to require only substantial compliance in the event that actual notice has been received within the 90-day period (*see, Bianco v Coles, supra*, at 13; *Heritage Sav. Bank v Grabowski*, 70 AD2d 989, 990; *Catholic Women's Benevolent Legion v Burke*, 253 App Div 261, 264). There is no dispute in the instant case that defendant had actual notice of the deficiency judgment within the 90-day period following February 2, 1995. Further, defendant does not dispute that the motion papers were delivered and then mailed to both him and his attorney within the 90-day statutory period; however, he contends that because the affidavits of substituted service were not filed with the County Clerk within 20 days (*see*, CPLR 308 [2]), the entire attempt at service fails and, therefore, the application for a deficiency judgment was not made within 90 days of February 2, 1995. We agree with Supreme Court that this error is not fatal; the 20-day time pe-

riod set out in CPLR 308 (2) merely marks the commencement of the time period from which a party's time to answer begins to run and the filing of the proof of service is not a jurisdictional act (see, Weininger v Sassower, 204 AD2d 715, 716; McCormack v Gomez, 137 AD2d 504; see also, Siegel, NY Prac § 79, at 113 and 1995 Pocket Part, at 26 [2d ed]). In our view, defendant's actual notice of plaintiff's motion for a deficiency judgment within the statutory time period, despite the delay in the filing of the affidavit of service, supports Supreme Court's determination that compliance with RPAPL 1371 (2) was achieved in this case and that plaintiff's motion for a deficiency judgment was timely.

Finally, we conclude that defendant's assertion that the foreclosure sale should be set aside on equitable grounds lacks merit. The sale was properly advertised, there is no evidence of any irregularity that would have inhibited the attendance of prospective bidders and the sale price was not so unconsciously low as to warrant vacatur of the sale. Further, although defendant suggests that the Referee improperly acted as plaintiff's delegate for bidding purposes at the foreclosure sale, the record reveals that plaintiff merely submitted a written bid to the Referee in advance of the sale which was accepted by the Referee as the highest bid at the foreclosure sale. Without more (see, Citibank v Badcock, 206 AD2d 784, lv denied 84 NY2d 801; Harbert Offset Corp. v Bowery Sav. Bank, 174 AD2d 650, 651), the facts in this case do not support a finding of fraud or misconduct which would warrant this Court's interference with the sale on equitable grounds.

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.