■ CITIBANK, N. A., Appellant, v JACQUELINE A. DEMADET, Also Known as JACQUELINE DEMADET, et al., Respondents, et al., Defendants. [674 NYS2d 48] —In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated September 3, 1996, as denied its application for leave to enter a deficiency judgment against the defendants Jacqueline A. Demadet, a/k/a Jacqueline Demadet, and Philippe Demadet.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's application which was for leave to enter a deficiency judgment against the defendants Jacqueline A. Demadet, a/k/a Jacqueline Demadet, and Philippe Demadet is granted, and the matter is remitted to Supreme Court, Kings County, for calculation of the amount of the deficiency and entry of an appropriate judgment.

In June 1990 the plaintiff, Citibank, N. A. (hereinafter Citibank), loaned $150,000 to the respondents Jacqueline A. Demadet, a/k/a Jacqueline Demadet, and Philippe Demadet (hereinafter the Demadets). The loan was secured by a mortgage on certain real property (hereinafter the mortgaged premises). Citibank commenced the instant action, *inter alia*, to foreclose the mortgage after the Demadets defaulted on payment of the loan.

Citibank obtained a judgment of foreclosure and sale with respect to the mortgaged premises, and on February 17, 1995, the mortgaged premises was sold for less than the amount of Citibank's judgment. The Referee's deed was delivered to Citibank on February 17, 1995.

By a notice of motion dated May 15, 1995, Citibank applied, *inter alia*, for leave to enter a deficiency judgment against the Demadets. Citibank served the notice of motion and supporting papers upon the Demadets by "nail and mail" service pursuant to CPLR 308 (4) on May 18, 1995, the final day of the 90-day period within which such service could be made (*see,* RPAPL 1371 [2]). In opposition to Citibank's application, the Demadets claimed that Citibank had not personally served them with the notice of motion for leave to enter a deficiency judgment as required by RPAPL 1371 (2).

The Supreme Court denied that branch of Citibank's application which was for leave to enter a deficiency judgment against the Demadets. It reasoned that because service pursuant to CPLR 308 (4) is not deemed completed until 10 days after filing of the affidavit of service, Citibank had not served its application for leave to enter a deficiency judgment within the 90-day period prescribed by RPAPL 1371 (2). We reverse.

Initially, we reject the Demadets' claim that RPAPL 1371 (2) does not allow a party in a mortgage foreclosure action to serve notice of such application pursuant to CPLR 308 (4). RPAPL 1371 (2) provides, in relevant part, that notice of such an application "shall be served personally or in such other manner as the court may direct". CPLR 308 provides for several methods of "[p]ersonal service upon a natural person", including what is commonly referred to as "nail and mail" service (CPLR 308 [4]). Since CPLR 308 categorizes such service as personal service, it is a permissible means of "personal service" of notice of an application for leave to enter a deficiency judgment, as required by RPAPL 1371 (2) (*cf., Citicorp Mtge. v Strong,* 227 AD2d 818; *Columbus Realty Inv. Corp. v Went-Heng Tsiang,* 226 AD2d 259).

Moreover, because it is undisputed that Citibank's applica-

tion for leave to enter a deficiency judgment was "nailed and mailed" within the applicable 90-day period, we conclude that its application was timely (*cf., Citicorp Mtge. v Strong, supra*). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.