■ In the Matter of TOWN OF YORKTOWN et al., Appellants, v LAKELAND CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Respondents, et al., Respondents. [730 NYS2d 347] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review tax assessments for the 1994/1995 through 1997/1998 school years and to reapportion those tax assessments based on a special segment equalization rate, the petitioners appeal, by permission, from an order of the Supreme Court, Westchester

County (DiBlasi, J.), entered December 8, 1999, which denied their motion to compel the Lakeland Central School District Board of Education to reapportion the tax assessment for the 1994/1995 school year based on a proposed special segment equalization rate of 3.78947 and to adjust the tax levy for the 1999/2000 school year accordingly.

Ordered that the order is affirmed, with costs.

The petitioners moved to compel the respondent Lakeland Central School District Board of Education (hereinafter the School District) to reapportion the tax assessment for the 1994/1995 school year based on a proposed special segment equalization rate of 3.78947 for the respondent Town of Cortlandt for 1993, and to adjust the tax levy for the 1999/2000 school year accordingly. The Supreme Court properly denied the motion.

The proposed special segment equalization rate of 3.78947 was calculated by the petitioners' consultant. However, only the respondent New York State Board of Real Property Services (hereinafter the State Board) is authorized to fix equalization rates (*see,* RPTL 202, 1202, 1204, 1210; *Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs.,* 274 AD2d 856). Furthermore, RPTL 1314 (1) requires district superintendents of school districts located in more than one city or town to secure equalization rates and special segment equalization rates from the State Board. Consequently, the School District had no authority to utilize an equalization rate or a special segment equalization rate other than one furnished by the State Board. Moreover, the appellants could not now seek to compel the State Board to establish a special segment equalization rate for the Town of Cortlandt for 1993, as the appellants did not appeal from a prior judgment of the Supreme Court which dismissed as academic the claim asserted against the State Board in their petition (*see, Matter of Nyack Hosp. v Prudential Prop. & Cas. Ins. Co.,* 148 AD2d 539; *Matter of Noel,* 147 AD2d 485). Goldstein, J. P., Friedmann, Feuerstein and Crane, JJ., concur.