■ Long Island Savings Bank, FSB, Appellant, v Gad Yaloz et al., Respondents, et al., Defendants. [734 NYS2d 878] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated March 22, 2000, which, in effect, denied that branch of its motion which was to confirm the referee's report of sale and denied that branch of its motion which was for leave to enter a deficiency judgment against the defendants Gad Yaloz and Yedida Yaloz.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of a deficiency judgment against the defendants Gad Yaloz and Yedida Yaloz in the principal sum of $36,097.75.

The plaintiff was granted a judgment of foreclosure and sale. Following the sale of the property to the plaintiff, the referee issued a report of sale, calculating the amount of the deficiency to be $366,097.75. The plaintiff moved to confirm the referee's report and for leave to enter a deficiency judgment against the respondents Gad Yaloz and Yedida Yaloz in the sum of $37,097.75, purportedly representing the amount owed to the plaintiff ($366,097.75) less the appraised value of the property ($330,000). The motion was served on the respondents pursu-

ant to CPLR 308 (4) and they defaulted. The Supreme Court denied the motion on the ground that service was not made in accordance with RPAPL 1371 (2).

Contrary to the determination of the Supreme Court, the respondents were properly served in accordance with the requirements of RPAPL 1371 (2) (*see, Citibank v Demadet,* 243 AD2d 532). Consequently, the Supreme Court erred in denying the plaintiff's motion. We note, however, that the plaintiff miscalculated the amount of the judgment. The referee found a deficiency of $366,097.75 and, therefore, the plaintiff is entitled to a judgment in the principal sum of $36,097.75, not $37,097.75. S. Miller, J. P., Friedmann, Adams and Cozier, JJ., concur.