■ LUIGI CICERO, Appellant, v ASPEN HILLS II, LLC, et al., Respondents, et al., Defendants. [926 NYS2d 680]—

Spain, J. Appeal from an order of the Supreme Court (Giardino, J.), entered July 26, 2010 in Fulton County, which, among other things, denied plaintiff's motion for a deficiency judgment against certain defendants.

In 2005, defendants Aspen Hills II, LLC, Robert A. Bosman, Judith E. Janco, Kevin C. Thompson and J. Whitney Thompson (hereinafter collectively referred to as defendants) borrowed $480,000 from plaintiff in order to develop property owned by Aspen Hills located in the Town of Johnstown, Fulton County. The loan was secured by a mortgage on Aspen Hills' property. In July 2008, after defendants failed to make required payments, plaintiff commenced a foreclosure action and, ultimately, was awarded a judgment of foreclosure and sale. The amount due on the mortgage was calculated at $258,727.02 by the appointed referee. At the ensuing October 2009 foreclosure sale, plaintiff, the sole bidder, purchased the property for $105,000. On March 25, 2010, plaintiff moved for confirmation of the referee's report and for a deficiency judgment against defendants in the amount of $120,695.91 plus interest.[*] Supreme Court granted the motion to confirm, but denied the motion for a deficiency judgment on the ground that the motion was not timely. Plaintiff appeals.

---

[*] The deficiency was calculated by reducing the judgment amount plus interest, fees and tax liens ($283,695.91) by the reasonable market value of the property based upon expert appraisals ($163,000).

We affirm. Pursuant to the RPAPL, "the mortgagee in a mortgage foreclosure action [may] recover a deficiency judgment for the difference between the amount of indebtedness on the mortgage and either the auction price at the foreclosure sale or the fair market value of the property, whichever is higher" (*BTC Mtge. Invs. Trust 1997-SI v Altamont Farms*, 284 AD2d 849, 849-850 [2001]; *see* RPAPL 1371 [2]). The statute requires, however, that a motion for a deficiency judgment be made "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2]). The 90-day period is a provision in the nature of a statute of limitations, thus "[f]ailure by plaintiff to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment" (*Amsterdam Sav. Bank v Amsterdam Pharm. Dev. Corp.*, 106 AD2d 797, 797 [1984]). Here, no dispute exists that the appointed referee delivered the deed to plaintiff on November 23, 2009, or that there was any deficiency in the deed itself. Plaintiff was required, therefore, to file the motion by February 21, 2010—90 days from delivery of the deed—and, accordingly, Supreme Court properly held that plaintiff's March 25, 2010 motion was untimely (*see Citicorp Mtge. v Strong*, 227 AD2d 818, 820-821 [1996]; *National Bank of Sussex County v Betar*, 207 AD2d 610, 612 [1994]).

Plaintiff asserts, instead, that the 90-day period did not begin to run until the expert's appraisals of the mortgaged properties were delivered to plaintiff on January 13, 2010. Specifically, because the deed could not be recorded in New York State until two tax forms were completed—the TP-584 and the RP-5217—which could not be executed until the fair market value was derived from the appraisals, plaintiff argues that consummation of the sale, and the commencement of the 90-day period, did not occur until the appraisals were delivered. We disagree. Both our statutory and common laws dictate that transfer of real property occurs at the delivery of a properly executed deed, rather than when the deed is recorded (*see* Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [1974]; *Janian v Barnes*, 284 AD2d 717, 718 [2001]). Plaintiff's attempt to read the clear reference to "delivery of the proper deed of conveyance" in RPAPL 1371 (2) to require something more than the delivery of the properly executed deed to commence the limitations period is not persuasive (*see Citicorp Mtge. v Strong*, 227 AD2d at 820-821; *Savings Bank of Utica v 561-575 Delaware Ave.*, 201 AD2d 946, 946 [1994]; *Crossland Sav. v Patton*, 182 AD2d 496 [1992], *lv denied* 80 NY2d 755 [1992]).

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.