■ TD BANK, N.A., Successor by Merger to COMMERCE BANK, N.A., Appellant, v TALIA PROPERTIES, INC., et al., Defendants, and KEITH LEONARD, Respondent. [973 NYS2d 789]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 23, 2012, as denied that branch of its motion which was for leave to enter a deficiency judgment pursuant to RPAPL 1371 against the defendant Keith Leonard.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment pursuant to RPAPL 1371 against the defendant Keith Leonard is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment against Keith Leonard.

The plaintiff commenced this action to foreclose on a mortgage secured by real property located in Suffolk County, naming, among others, Talia Properties, Inc. (hereinafter Talia), Active Voice and Data Specialists, Inc. (hereinafter Active Voice), and Keith Leonard as defendants. Upon their default, a judgment of foreclosure and sale was entered, which also determined that the plaintiff had a right to seek a deficiency judgment against Talia, Active Voice, and Leonard. The subject real property was sold at auction for the sum $266,500, and the referee noted in his report that a deficiency of $401,263.94 remained. The plaintiff moved for leave to enter a deficiency judgment against Talia, Active Voice, and Leonard. The Supreme Court granted leave to enter a deficiency judgment against Talia and Active Voice in the amount of $282,763.94, representing the difference between the amount owed and the $385,000 market value of the property. However, without explanation, the Supreme Court denied that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against Leonard.

" '[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded' " (*NAB Asset Venture IV, LLP v Orangeburg Equities,* 19 AD3d 565, 565

[2005], quoting *Green Point Sav. Bank v Clarke*, 220 AD2d 384, 385 [1995]). As reflected by the judgment of foreclosure and sale, the issue of Leonard's personal liability for the deficiency after the sale of the property has already been finally adjudicated, making it res judicata (*NAB Asset Venture IV, LLP v Orangeburg Equities*, 19 AD3d at 565; *Bank of N.Y. v Route 312 Dev. Corp.*, 185 AD2d 582, 584 [1992]; *Ogdensburg Sav. & Loan Assn. v Moore*, 100 AD2d 679 [1984]). Thus, to the extent that the Supreme Court denied leave to enter a deficiency judgment on the ground that Leonard's personal liability had not been established, that determination was erroneous. The plaintiff otherwise established its entitlement to the entry of a deficiency judgment against Leonard by showing its compliance with the requirements of RPAPL 1371, including the timely making of a motion for a deficiency judgment, personal service upon Leonard of the papers constituting the motion, and the establishment of the fair and reasonable value of the subject real property (*see Long Is. Sav. Bank v Yaloz*, 289 AD2d 380 [2001]; *BTC Mtge. Invs. Trust 1997-SI v Altamont Farms*, 284 AD2d 849 [2001]; *Bianco v Coles*, 131 AD2d 10 [1987]).

Accordingly, that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against Leonard should have been granted, and we remit the matter to the Supreme Court, Suffolk County, for the entry of an appropriate judgment against him. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.