Salamon v Alpine Acres Condominium (2019 NY Slip Op 03861)





Salamon v Alpine Acres Condominium


2019 NY Slip Op 03861


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526635

[*1]SMUEL SALAMON, Appellant,
v
ALPINE ACRES CONDOMINIUM, Respondent, et al., Defendants.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Orseck Law Office PLLC, Liberty (Gerald Orseck of counsel), for appellant.
Christopher J. Smith, Middletown, for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (McGuire, J.), entered April 19, 2018 in Sullivan County, which granted a motion by defendant Alpine Acres Condominium for summary judgment dismissing the complaint against it.
In 2003, defendant Alpine Holding, LLC and other entities executed a mortgage in favor of Continental Funding Group, LLC secured by a four-unit condominium in the Town of Fallsburg, Sullivan County. In 2008, plaintiff and his wife entered into a memorandum of contract with Alpine Holding to purchase Unit F-14 (hereinafter the subject premises) in this condominium. Continental Funding, in 2009, assigned the mortgage to Concept 9 LLC. In 2010, Concept 9 commenced a mortgage foreclosure action seeking to foreclose on four separate properties, one of which was the subject premises. Plaintiff and his wife, among others, were named as defendants in this 2010 foreclosure action and, after they defaulted, a judgment of foreclosure and sale was entered. The properties, except for the subject premises, were subsequently sold at a foreclosure auction.
In 2013, defendant Alpine Acres Condominium (hereinafter defendant) filed a common-charge lien against the subject premises naming Alpine Holding and/or BMG Southern Equities, LLC [FN1] and/or Concept 9, as owners, and, in 2014, sought to foreclose on it. A judgment of foreclosure and sale was entered in May 2016 in defendant's favor. Prior to the scheduled foreclosure sale, defendant was advised that Alpine Holding conveyed the subject premises to Concept 9 14 LLC in July 2016 via a quitclaim deed. Defendant was also advised that Concept 9 14 had filed for chapter 7 bankruptcy and, as a consequence, an automatic stay was in effect. Defendant thereafter moved to vacate the stay on the basis that Concept 9 14 never acquired any interest in the subject premises from Alpine Holding because Alpine Holding, in 2011, had [*2]previously conveyed any interest that it had to BMG. In October 2016, the Bankruptcy Court terminated the stay. A foreclosure sale was held, after which defendant became the owner of the subject premises.
Plaintiff commenced this mortgage foreclosure action in December 2016 against defendant, among others, seeking to foreclose on the subject premises. Concept 9 had assigned the note and mortgage to plaintiff in September 2016, and plaintiff alleged in the complaint that, because the subject premises was never released from the mortgage that was at issue in the 2010 foreclosure action, he was entitled to foreclose on it. Following joinder of issue, defendant moved for summary judgment dismissing the complaint arguing, among other things, that the complaint was barred by res judicata. Although plaintiff submitted an opposition to the motion, he did not address defendant's res judicata argument therein. Supreme Court granted defendant's motion based upon res judicata. Plaintiff appeals.
Plaintiff contends that defendant failed to satisfy its initial burden of demonstrating that res judicata barred his complaint [FN2]. We disagree. Defendant established that the mortgage that plaintiff seeks to foreclose upon in this action was the mortgage at issue in the 2010 foreclosure action. As such, the issues in this action were already litigated in the 2010 foreclosure action — an action that resulted in a final judgment of foreclosure and sale (see Cherico v Bank of New York, 211 AD2d 961, 963 [1995], lv dismissed 85 NY2d 901 [1995]). Defendant also established that plaintiff, who was assigned the mortgage from Concept 9, was in privity with Concept 9 as its successor in interest (see generally Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]). Furthermore, plaintiff's interests in this action were represented in the 2010 foreclosure action (see Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]; Evergreen Bank v Dashnaw, 246 AD2d 814, 816 [1998]; Matter of Slocum v Joseph B., 183 AD2d 102, 103 [1992]).
Based on the foregoing, we find that defendant met its initial burden of demonstrating that res judicata barred plaintiff's complaint [FN3]. By failing to address defendant's res judicata argument in opposing the motion, plaintiff did not satisfy his burden of raising a triable issue of fact. Accordingly, we find that Supreme Court correctly granted defendant's motion for summary judgment.
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Alpine Holding had conveyed the subject premises to BMG Southern Equities, LLC in 2011.

Footnote 2: Even though plaintiff did not raise this contention before Supreme Court, we may review it because whether defendant met its initial burden when moving for summary judgment presents a question of law that appears on the face of the record that could not have been avoided had it been properly raised (see Bank of Am., N.A. v Thomas, 138 AD3d 523, 523 [2016]; Rew v County of Niagara, 115 AD3d 1316, 1317 [2014]).

Footnote 3: Plaintiff is correct in noting that the subject premises was not released from the mortgage because it was never sold at the sale stemming from the 2010 foreclosure action (see Prudence Co. v 160 W. 73rd St. Corp., 260 NY 205, 211 [1932]). Although this action is not the proper means for plaintiff to pursue his rights under the mortgage, other avenues exist (see e.g. CPLR 1018). We express no opinion as to the viability of such avenues inasmuch as it is not presently before us.