Bank of NY Trust Co., N.A. v Courtney (2023 NY Slip Op 23075)

[*1]

Bank of NY Trust Co., N.A. v Courtney

2023 NY Slip Op 23075

Decided on March 23, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 23, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570522/22

The Bank Of New York Trust Company, N.A., 
 as Trustee for and for the Benefit of the Certificate Holders Of Multi-Class Mortgage Pass-Through Certificates, 
 Chaseflex Trust Series 2007-M1, Petitioner-Respondent,
against
Todd Courtney, Respondent-Appellant, and Caroline Davis, Carson Pascal a/k/a Pascal Carson, 
 Caroline Connor, Lisa Forsberg and John Doe-Jane Doe, Respondents.

Respondent Todd Courtney appeals from an order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), entered August 15, 2022, which granted petitioner's motion to vacate the stay imposed upon respondent's filing of a COVID-19 Emergency Rental Assistance Program application in this holdover summary proceeding.

Per Curiam.
Order (Karen May Bacdayan, J.), entered August 15, 2022, affirmed, with $10 costs.
Petitioner acquired title to the subject premises, a condominium unit at 175 West 12th Street, following the entry of a Supreme Court, New York County, judgment of foreclosure and sale against respondent Todd Courtney ("respondent"). Following service of a Notice to Quit with a copy of the referee's deed, petitioner commenced this summary proceeding pursuant to RPAPL 713(5) to recover possession of the premises. Respondent interposed an answer containing 37 affirmative defenses, including lack of personal jurisdiction.
The matter was set down for a traverse hearing in February 2020, but was not completed due to various COVID-related delays and respondent's filing of a hardship declaration, which stayed the proceeding until January 15, 2022. Respondent then sought to further stay this proceeding by filing an application pursuant to the COVID-19 Emergency Rental Assistance Program of 2021 ("ERAP"), in March 2022.
In May 2022, petitioner moved to vacate the stay on the ground that respondent is not a tenant entitled to ERAP assistance. Civil Court granted the motion. We affirm the result, albeit on somewhat different grounds.
As relevant herein, section 8 of the ERAP statute provides that:
"... Except as provided in section nine-a of this act, in any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program or any local program administering federal emergency rental assistance program funds to cover all or part of the arrears claimed by the petitioner, all proceedings shall be stayed pending a determination of eligibility [by the Office of Temporary and Disability Assistance]."
(L 2021, ch 56, § 1, part BB, subpart A, § 8, as amended by L 2021, ch 417, § 2, Part A, § 4 [emphasis added]).
A "household" is referred to in section 5(1)(a)(i) of the ERAP statute as "a tenant or occupant obligated to pay rent in their primary residence in the state of New York." The term "occupant" as defined in section 2(7) has the same meaning as an occupant in Real Property Law § 235-f, i.e. "a person, other than a tenant or a member of a tenant's immediate family, occupying a premises with the consent of the tenant or tenants."
It is a fundamental principle of statutory interpretation that a court should attempt to effectuate the intent of the Legislature (see McKinney's Cons Laws of NY, Book 1, Statutes, § 76), and where the statutory language is clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words used (see Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 [2019], cert denied — US —, 140 S. Ct. 904 [2020]; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982]).
The legislature's intention, as reflected in the language of the statute at issue here, is clear and inescapable. The filing of an ERAP application stays an eviction proceeding only against a "household," a term limited to a "tenant" or an individual occupying the premises with the consent of tenant and obligated to pay rent. A summary proceeding against one who is not a tenant or occupant is not stayed.
In this case, the judgment of foreclosure and sale terminated respondent's tenancy (see United Sec. Corp. v Suchman, 307 NY 48 [1954]) and is conclusive on this issue (see Cherico v Bank of NY, 211 AD2d 961, 963 [1995], appeal dismissed 85 NY2d 901 [1995]). Further, respondent neither alleges nor submits proof that he entered into a post-foreclosure lease or rental agreement with petitioner, that he is a statutory tenant, or that he occupies the premises with the consent of the tenant and is obligated to pay rent. Therefore, as a matter of law, respondent is neither a tenant nor an occupant as defined in the statute whose ERAP application stays the eviction proceeding.
Respondent cannot rely on the mere filing of an ERAP application to continue in possession. The ERAP statute contains no language affording a stay to one who is neither a tenant nor an occupant obligated to pay rent. Where, as here, the statute describes the particular situations to which it is to apply, an "irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY Book 1, [*2]Statutes, § 240). Had the Legislature intended to extend the ERAP stay to any individual who files an application, regardless of status, it could have chosen to do so through appropriately worded legislation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 23, 2023